**Affirmed and Opinion filed August 28, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00682-CV

**DAMON KENDRICK DOVE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 16-DCV-232297**

## O P I N I O N

Damon Kendrick Dove, an inmate, appeals *pro se* from the trial court's dismissal of his suit under Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 14.001–.014. Because we hold that the trial court properly dismissed appellant's claims, we affirm.

Appellant is currently confined in the Texas Department of Criminal Justice, Institutional Division, pursuant to a conviction for sexual assault. *See Dove v. State*,

No. 14-13-00686-CR, 2014 WL 6602421, at *1 (Tex. App.—Houston [14th Dist.] Nov. 20, 2014, pet. ref'd) (mem. op., not designated for publication). We affirmed that conviction. *Id.* Further, we denied a petition for writ of mandamus filed by appellant asking this court to compel the Honorable Brady Elliott, presiding judge of the 268th District Court of Fort Bend County, to grant his motion for discovery and inspection of the State's file and evidence in that case. *In re Dove*, No. 14-15-00347-CR, 2015 WL 1928773, at *1 (Tex. App.—Houston [14th Dist.] Apr. 28, 2015, no pet.) (mem. op., not designated for publication). More recently, we affirmed the trial court's order denying appellant's motion for DNA testing. *Dove v. State*, No. 14-17-00722-CR, ___WL___ (Tex. App.—Houston [14th Dist.] Aug. 9, 2018, no pet. h.) (mem. op., not designated for publication).

Appellant filed the underlying suit in this case claiming "negligence of the State and denial to pursuit of actual innocence by claimant. . .." Appellant alleges the State filed a motion to seal "exculpatory evidence" on April 9, 2013, in his criminal case.[1] That motion was granted by the trial court on August 29, 2013. Appellant alleges the State moved to seal the record so that he "could not prove his innocence." Appellant seeks damages in the amount of $324,000.

The State moved to dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code, asserting various grounds as to why the trial court should dismiss appellant's claim as frivolous under section 14.003(a)(2). *See* Tex. Civ. Prac. & Rem. Code § 14.003(a)(2). Chapter 14 applies to inmate-filed actions in which the inmate has filed an affidavit or unsworn declaration of inability to pay

---

[1] We take judicial notice of our record in that case which reflects that in its' motion the State requested to seal the complainant's medical records. As our opinion in *Dove*, 2014 WL 6602421, at *1, reflects, the issue in that case was whether the sexual intercourse was consensual. We further note the motion expressly provides the record would remain accessible to any attorney acting on Dove's behalf.

costs. Tex. Civ. Prac. & Rem. Code § 14.002. Appellant filed such an unsworn declaration in this case. Accordingly, Chapter 14 applied to appellant's suit and applies to this appeal. *See id.*

Because the trial court dismissed appellant's claim as frivolous under section 14.003 without holding an evidentiary hearing, this court can affirm the trial court's ruling only if appellant's claim has no arguable basis in law. *Retzlaff v. Tex. Dep't of Criminal Justice,* 94 S.W.2d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A claim has no arguable basis in law if the claim is based on an indisputably meritless legal theory. *See Nabelek v. Dist. Attorney of Harris Cty.,* 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). We review a dismissal under Chapter 14 for an abuse of discretion, but we review *de novo* the issue of whether a claim has an arguable basis in law. *Retzlaff*, 94 S.W.3d at 653.

In his petition, appellant purports to assert only a negligence claim. The facts alleged are that the State filed a motion to seal. Appellant alleges the sealed record contains exculpatory evidence that would prove his actual innocence.

The facts alleged in appellant's petition, if true, would undermine the validity of his criminal conviction. Therefore, unless appellant proves that his conviction has been reversed, overturned, expunged or invalidated in some manner, his claim is not legally cognizable. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Hill v. Stephens*, No. 14-09-01030-CV, 2010 WL 5238587, at *2 (Tex. App.—Houston [14th Dist.] Dec. 16, 2010, no pet.); *Gentry v. Houston Police Dep't*, No. 14-08-01094-CV, 2009 WL 10453387, at *3 (Tex. App.—Houston [14th Dist.] July 16, 2009, no pet.) (mem. op.). Appellant has not asserted that his criminal conviction has been reversed, overturned, expunged, or invalidated in some manner, and there is nothing in our record showing that his conviction has in any way been invalidated. Under the *Heck* doctrine, appellant's claim is based on an indisputably meritless

legal theory; therefore, the trial court did not err in dismissing appellant's claim as frivolous. *See Heck*, 512 U.S. 477, 486–87; *Gentry*, 2009 WL 10453387, at \*3; *Nabelek,* 290 S.W.3d at 228; *see also Cooper v. Trent*, No. 14-17-00017-CV, \_\_\_S.W.3d\_\_\_, 2018 WL 2012377, at \*4–9 (Tex. App.—Houston [14th Dist.] May 1, 2018, pet. filed) (concluding plaintiff's claims that undermined the validity of her conviction had no basis in law and were properly dismissed under Texas Rule of Civil Procedure 91a).

The trial court dismissed appellant's suit with prejudice but appellant presents no argument that the trial court erred by dismissing "with prejudice" rather than "without prejudice." *See Bell v. Texas Dep't of Criminal Justice-Inst. Div.*, 962 S.W.2d 156, 157 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (affirming trial court's order dismissing inmate's suit with prejudice where plaintiff did not raise complaint on appeal that suit should have been dismissed without prejudice); *Douglas v. Porter*, No. 14-10-00055-CV, 2011 WL 1601292, at \*1 (Tex. App.—Houston [14th Dist.] Apr. 26, 2011, pet. denied) (mem. op.) (same); *see also Florence v. Davenport*, No. 02-16-00109-CV, 2016 WL 7010930, at \*3 (Tex. App.—Fort Worth Dec. 1, 2016, pet. denied) (mem. op.) (affirming trial court's order dismissing inmate's claims with prejudice where opening brief did not complain dismissal order should have been without prejudice); *Kelly v. Mendoza*, No. 13-11-00322-CV, 2012 WL 4038507, at \*2 (Tex. App.—Corpus Christi Sept. 13, 2012, no pet.) (mem. op.) (affirming trial court's order dismissing inmate's claims with prejudice where inmate presented no argument or authority for the proposition that the trial court erred by dismissing his claims with prejudice); *Wanzer v. Texas Dep't of Criminal Justice-Inst. Div.*, No. 04-08-00580-CV, 2009 WL 2183481, at \*3 (Tex. App.—San Antonio July 22, 2009, no pet.) (mem. op.)

(declining to address the "with prejudice" disposition in the trial court's order because inmate did not raise or brief the issue on appeal).

We affirm the trial court's order.


/s/    John Donovan
Justice


Panel consist of Chief Justice Frost and Justices Donovan and Brown.