**Affirmed and Memorandum Opinion filed December 9, 2021.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-20-00538-CV**

**WILLIE ALVIN GRIFFIN, SR., Appellant**

**V.**

**FORT BEND COUNTY, TEXAS, Appellee**

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 18-DCV-252601**

## MEMORANDUM OPINION

Willie Alvin Griffin, Sr., an inmate, appeals pro se from the trial court's dismissal of his personal injury suit under Chapter 14 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 14.003. Concluding the trial court did not abuse its discretion, we affirm.

BACKGROUND

## I.     Griffin's factual allegations

Griffin is an inmate in the Michaels Unit of the Institutional Division of the Texas Department of Criminal Justice. In September 2016 Griffin had been bench-warranted to Fort Bend County ("the County") and was housed in the Fort Bend County Jail. While in the County jail, Griffin slipped and fell near the restroom/shower area in a puddle of water. Griffin alleged the fall caused injury to his lower back.

Several months later, in February 2017, Griffin was scheduled for a haircut in the County facility. Griffin alleged the jail used "two gray portable chairs stacked on top of each other to be used as a barber's chair." When Griffin sat in the makeshift barber's chair, the chairs collapsed causing him further injury when he fell on the floor.

## II.     Griffin's claims

Griffin filed an original petition in which he named the following defendants:

- Troy E. Nehls, Sheriff
- Fort Bend County Sheriff's Office
- Deputy Brown at FBCS
- Sgt. Pennolosa at FBCS
- Unknown Nurse(s)
- CCS Management
- Fort Bend County Sheriff's Medical Infirmary

In Griffin's original petition he alleged his personal injuries in the shower were the result of a premises defect and that Nehls bore liability pursuant to sections

2

101.021(2) and 101.001 of the Civil Practice and Remedies Code.[1] Griffin further alleged that his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution was infringed because the sheriff's deputies and the sheriff failed to ensure that he received prompt medical care. Griffin further alleged that Pennolosa created an unsafe condition by stacking the chairs to use as a barber's chair. Griffin alleged that Pennolosa's actions violated the Eighth Amendment.

Griffin subsequently amended his petition to delete all defendants except Fort Bend County, Texas.[2]

## III.   The County's motion to dismiss

The County answered asserting that the allegations in Griffin's petition did not fall within the limited waiver of immunity and permission to sue as set forth within the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code § 101.001, et. seq. The County also filed a motion to dismiss Griffin's claims as frivolous pursuant to section 14.003 of the Civil Practice and Remedies Code. The County asserted that Griffin's claims were frivolous under the statute because they had no arguable basis in law or in fact. The County asserted that Griffin could not recover on his premises liability claims because the evidence did not support his claims. Although Griffin appeared to have abandoned his Eighth Amendment claim that his medical needs were neglected, the County refuted that claim by producing voluminous medical

---

[1] Section 101.021(2) provides that a governmental unit in the state is liable for personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. Tex. Civ. Prac. & Rem. Code § 101.021(2). Section 101.001 defines several terms in the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code § 101.001.

[2] The Texas Tort Claims Act requires that a plaintiff elect whether to sue a governmental unit or an employee thereof. Tex. Civ. Prac. & Rem. Code § 101.106(e), (f). Griffin's second-amended petition reflects his choice to sue the governmental unit.

records showing treatment Griffin received.

The trial court submitted the County's motion without holding a hearing and subsequently granted the motion to dismiss pursuant to section 14.003 of the Civil Practice and Remedies Code. This appeal followed.

ANALYSIS

In Griffin's first issue he challenges the trial court's dismissal of his petition as frivolous.

## I.      Standard of Review and Applicable Law

The County moved to dismiss pursuant to Chapter 14 of the Civil Practice and Remedies Code, asserting various grounds as to why the trial court should dismiss appellant's claim as frivolous under section 14.003(a)(2). *See* Tex. Civ. Prac. & Rem. Code § 14.003(a)(2). Because the trial court's order cites section 14.003, we begin by considering Chapter 14's applicability. Chapter 14 applies to a suit, not under the Family Code, brought by an inmate who files an affidavit or declaration of inability to pay costs. Tex. Civ. Prac. & Rem. Code § 14.002(a). Griffin filed an affidavit of inability to pay costs in the trial court. Under Chapter 14, an inmate is a person housed in a secure correctional facility as defined by section 1.07 of the Penal Code. Tex. Civ. Prac. & Rem. Code § 14.001(4). A secure correctional facility under the Penal Code definition means a municipal or county jail or a confinement facility operated by or under a contract with any division of the Texas Department of Criminal Justice. Tex. Penal Code § 1.07(a)(45)(A),(B). The record indicates that Griffin is in the custody of the Institutional Division of the Texas Department of Criminal Justice. At the time of the events giving rise to Griffin's suit, he was in the custody of the Fort Bend County Jail. Accordingly, Chapter 14 applied to Griffin's suit and applies to this appeal. *See id.*

4

Because the trial court dismissed appellant's claims as frivolous under section 14.003 without holding an evidentiary hearing, this court can affirm the trial court's ruling only if appellant's claims have no arguable basis in law. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A claim has no arguable basis in law if the claim is based on an indisputably meritless legal theory. *See Nabelek v. Dist. Attorney of Harris Cty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). We review a dismissal under Chapter 14 for an abuse of discretion, but we review de novo the issue of whether a claim has an arguable basis in law. *Dove v. State*, 560 S.W.3d 376, 378 (Tex. App.—Houston [14th Dist.] 2018, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990).

The County moved to dismiss Griffin's claims as frivolous under Chapter 14 and the trial court's judgment specifies that dismissal was granted under that chapter. Even so, both in the trial court and on appeal, the parties engage in an extended discussion of the Texas Tort Claims Act ("TTCA"), which provides a separate vehicle for dismissal of claims under that Act. For this reason, we address the TTCA and its impact on this case.

## II. The trial court did not abuse its discretion in dismissing Griffin's tort claims.

Under the common law doctrine of sovereign immunity, the state is immune from suit, which means that it cannot be sued in its own courts without its consent. *See City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Governmental units in the state enjoy the same type of immunity, although their immunity is known as "governmental immunity." *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006).

5

The County is a governmental unit, which means that it cannot be sued absent a waiver of its governmental immunity. *See* Tex. Civ. Prac. & Rem. Code § 101.001(3)(B). One such waiver can be found under the TTCA, which provides that a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *See* Tex. Civ. Prac. & Rem. Code § 101.021(2).

Absent certain exceptions not applicable here, the TTCA further provides that "if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." *See* Tex. Civ. Prac. & Rem. Code § 101.022(a).

## A. Premise Defect–slip and fall in shower area

If a claim "arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property." Tex. Civ. Prac. & Rem. Code § 101.022(a); *see City of Houston v. Ayala*, 628 S.W.3d 615, 619 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (citing *State Dep't of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)); *see also Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 389 (Tex. 2016).

The duty owed to a licensee on private property requires that "a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware, and the licensee is not. *Sampson*, 500 S.W.3d at 385. Absent willful, wanton, or grossly negligent conduct, a licensee must prove the following to establish the breach of duty owed to him:

6

> (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee.

*Sampson*, 500 S.W.3d at 391. The licensee must show that the owner actually knew of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition could develop over time. *Id*. at 392; *see also City of Corsicana v. Stewart*, 249 S.W.3d 412, 414–15 (Tex. 2008). The knowledge of the owner must be actual rather than constructive. *Sampson*, 500 S.W.3d at 392. In determining whether a premises owner has actual knowledge of a dangerous condition, courts generally consider whether the owner received reports of prior injuries or reports about the potential danger of the condition. *Id*. Awareness of a potential problem is not actual knowledge of an existing danger. *See Reyes v. City of Laredo*, 335 S.W.3d 605, 607 (Tex. 2010).

To establish an immunity waiver under the TTCA, Griffin was required to plead and prove that the County actually knew of a condition in the jail that created an unreasonable risk of harm to him. *See Sampson*, 500 S.W.3d at 391; *Payne*, 838 S.W.2d at 237. Actual knowledge requires proof that the County "knew of the dangerous condition that caused the injury," not just proof that the County "was aware of a related condition that may create a danger at some time in the future." *Prairie View A & M Univ. v. Brooks*, 180 S.W.3d 694, 707 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see also Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006) ("Ordinarily, an unreasonably dangerous condition for which a premises owner may be liable is the condition at the time and place injury occurs, not some antecedent situation that produced the condition.").

Griffin specifically pleaded jurisdiction pursuant to the TTCA because the Act

waived the County's immunity for claims involving personal injury caused by premises defects. Griffin alleged that he slipped and fell "near the restroom/shower area in a puddle of water on the waxed black and speckled linoleum tile flooring upon entrance into the dayroom area." Griffin alleged that the County created the dangerous condition with the "waxed tile flooring" knowing that water from the shower area would create a risk of harm. Griffin further alleged that the County "knew or reasonably should have known of the condition of the premises defect."

Griffin did not allege—and there is no evidence of—willful, wanton, or grossly negligent conduct. Therefore, to establish an immunity waiver, Griffin was required to plead and to the extent necessary present evidence that (1) a condition of the premises created an unreasonable risk of harm to him; (2) the County actually knew of the condition; (3) he did not actually know of the condition; (4) the County failed to exercise ordinary care to protect him from danger; and (5) the County's failure proximately caused his injuries. *See Sampson*, 500 S.W.3d at 391; *Payne*, 838 S.W.2d at 237.

Here, the pleadings and record do not reasonably support an inference that the County knew that the floor where Griffin fell would create an unreasonable risk of harm. Griffin did not plead that the County actually knew of a condition on the premises that created an unreasonable risk of harm. After reviewing the pleadings and the record we conclude the allegations in Griffin's live pleading did not encompass a premises-defect claim sufficient to waive the County's immunity under the TTCA. *See Tarrant County v. Carter-Jones*, No. 02-17-00177-CV, 2018 WL 547588, at *6 (Tex. App.—Fort Worth Jan. 25, 2018, no pet.) (mem. op.) (concluding no waiver of immunity where plaintiff failed to show that County knew of existence of the water in the hallway on which plaintiff slipped).

**B.      Use or Condition of Tangible Personal Property–fall from chair**

Griffin further alleged that he was injured when he fell from the makeshift barber's chair. Griffin alleged the County waived immunity through the use of tangible personal property.

As relevant to Griffin's claim against the County, the TTCA provides that a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(2). Section 101.021(2) waives immunity for claims based upon the "use" of tangible personal property only when the governmental unit itself uses the property. *See id.*; *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245–46 (Tex. 2004). A governmental unit does not "use" property within the meaning of the TTCA when it merely allows someone else to use it. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 97 (Tex. 2012).

A governmental entity "uses" tangible personal property "if it puts or brings the property into action or service, or employs the property for or applies it to a given purpose." *Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 206 (Tex. 2020). For there to be a waiver of immunity, the governmental entity's use of the property "must have actually caused the injury." *Id.* (quoting *Sampson*, 500 S.W.3d at 388-89). "It is not enough to show that property was involved." *City of Houston v. Davis*, 294 S.W.3d 609, 612 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Further, the government's use of the property "must have actually caused the injury." *Rangel*, 595 S.W.3d at 206.

In considering whether property is in "use" for purposes of the TTCA, we consider the purpose for the property, whether the use of the property was a direct factor in the injury, and whether the property did more than merely furnish the

9

condition that made the injury possible. *See Retzlaff*, 135 S.W.3d at 741 (holding TDCJ used razor wire by putting wire into service for given purpose when it placed wire along perimeter fence to deter inmates from escaping; use of wire did more than merely furnish condition that made injury possible and was direct factor in injury). The governmental unit must itself be the user. *Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 583 (Tex. 2005) (holding drama club faculty advisors did not use property because they did not themselves put or bring knife into action or service or employ knife for or apply it to given purpose); *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004) (holding hospital's immunity not waived by Cowan's own use of Cowan's walker and suspenders to kill himself). In determining whether property is used, "one must take into account the entirety of the circumstances under which the incident arose." *See Tex. State Technical Coll. v. Beavers*, 218 S.W.3d 258, 263 (Tex. App.—Texarkana 2007, no pet.).

In this case Griffin's claim relies on the County permitting him to use the stacked chairs as a barber chair. The County did not use the chairs in a manner that would waive immunity under the TTCA; the County merely allowed Griffin to use the chair. Griffin's pleading, therefore, does not support a claim for which the County's immunity has been waived.

Because the TTCA does not contain a waiver of immunity applicable to any of Griffin's tort claims, the County would be entitled to governmental immunity. Consequently, Griffin's tort claims are based on an indisputably meritless legal theory and lack any arguable basis in law. *See Nabelek*, 290 S.W.3d at 228 (concluding a claim has no arguable basis in law only if it is based on (1) wholly incredible or irrational factual allegations; or (2) an indisputably meritless legal theory); *see also* Tex. Civ. Prac. & Rem. Code § 14.003. The trial court did not err by dismissing those claims as frivolous.

## C. Griffin's claim for deliberate indifference to a serious medical need

While it appears Griffin abandoned his constitutional claims in his second amended petition, he continued to make allegations in the petition that the County acted with deliberate indifference to his medical needs. Construing Griffin's pleadings liberally, we address this issue and the propriety of the trial court's dismissal under Chapter 14.

Griffin's claim for deliberate indifference to a serious medical need is proscribed by the Eighth Amendment's prohibition against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference" in this context requires that an inmate show that the defendant subjectively knew of a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837, 847 (1994). In other words, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The inmate must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). A complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) (citing *Estelle*, 429 U.S. at 105). A negligent or "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105–06.

11

The foundation of Griffin's claim is his contention that the County failed to promptly address the pain he experienced from the slip and fall in the shower area. Griffin alleged that after he slipped and fell in the shower area on September 11, 2016, he had to wait 25 minutes before Deputy Woods asked if he needed "medical staff." When Griffin answered that he needed medical attention, Woods told Griffin he would check on him after finishing "calling in the count and entering the data into the computer." Deputy Woods told Griffin he would log-in the incident and call the infirmary so Griffin could be seen by a nurse. Griffin waited an hour and asked again to be taken to the infirmary. Deputy Woods continued to communicate with Griffin and explained "that he had not forgotten about [Griffin]." Griffin alleged the County breached the "Health Service Plan," by failing to administer emergency medical assistance. Medical records attached to the County's motion to dismiss reflect that Griffin was first seen by a nurse six days later on September 17, 2016.

Evaluating Griffin's symptoms and assessing the severity of his condition as manifested at that time are matters of medical judgment that raise only issues of negligence insufficient to state an Eighth Amendment claim. *See Gamble*, 429 U.S. at 107. A delay in providing medical care violates the Eighth Amendment only when "there has been deliberate indifference [that] results in substantial harm." *Stewart v. Guzman*, 555 Fed. Appx. 425, 431 (5th Cir. 2014) (quoting *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006)).

We conclude that Griffin's factual allegations, taken as true, would not support an inference that the County "ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756. Moreover, Griffin has not demonstrated that the six-day delay in treatment he received resulted in substantial harm.

12

Griffin's factual allegations do not support an inference of deliberate neglect of his medical needs sufficient to raise a violation of the Eighth Amendment. Because Griffin's claim for deliberate indifference to his medical needs lacks an arguable basis in law, the trial court did not err in dismissing it as frivolous. *See* Tex. Civ. Prac. & Rem. Code § 14.003. We overrule Griffin's first issue.

**III.   The trial court did not abuse its discretion in dismissing Griffin's claims without allowing an opportunity to amend.**

In Griffin's second issue he asserts the trial court erred in dismissing his petition with prejudice without giving him an opportunity to amend.

Generally, a claim falling within the scope of Chapter 14 may be dismissed without providing notice of the motion to dismiss or an opportunity to respond to the motion. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a) (stating that trial court may dismiss inmate's claims before service of process); *Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.) (holding that inmate had no right to notice of motion to dismiss or opportunity to amend). Thus, the trial court's dismissal of Griffin's case without allowing him to amend his pleadings is not, by itself, an abuse of discretion.

However, a dismissal with prejudice, like the dismissal rendered here, is a ruling on the merits and is therefore improper if the dismissal is based on procedural defects that Griffin could remedy. *See Hickman v. Adams*, 35 S.W.3d 120, 125 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that dismissal under section 14.004 is not dismissal on merits and thus trial court abuses its discretion if it dismisses with prejudice claim where procedural defect can be remedied). A dismissal with prejudice is proper if it is based on the conclusion that the inmate's claim has no arguable basis in law. *See Nabelek*, 290 S.W.3d at 233. We have previously determined that Griffin's claims have no arguable basis in law.

13

Because Griffin's live pleading failed to state a claim that could authorize relief, such failure is not a procedural defect that could be remedied by amending his pleadings. *See Retzlaff*, 94 S.W.3d at 653; *see also Harris v. Bell-Gray*, No. 01-15-00686-CV, 2016 WL 3162315, at *3 (Tex. App.—Houston [1st Dist.] June 2, 2016, pet. denied) (mem. op.) (holding that trial court did not err in concluding that inmate's claims had no arguable basis in law and dismissing them as frivolous without permitting an opportunity to amend). We overrule Griffin's second issue.

## IV. The trial court did not err in dismissing Griffin's petition without advising him on grounds for appeal.

Griffin cites no authority, nor has our research revealed authority, that requires the trial court to advise an inmate on grounds for appeal. To the contrary, the courts of this state are not empowered to give advisory opinions. *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 443 (Tex. 1998). Moreover, a pro se litigant is required to properly present his case on appeal, just as he is required to properly present his case to the trial court. *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Because the trial court did not err in failing to advise Griffin on grounds for appeal, we overrule Griffin's third issue.

## V. The trial court did not abuse its discretion in assessing costs against Griffin without a hearing.

In Griffin's fourth issue he challenges the trial court's assessment of court costs pursuant to section 14.006 of the Civil Practice and Remedies Code.[3] Griffin asserts the trial court abused its discretion in assessing costs against him without

---

[3] Section 14.006 permits a trial court to order an inmate to pay 20 percent of the preceding six months' deposits to the inmate's trust account, or the total amount of court fees and costs. Tex. Civ. Prac. & Rem. Code § 14.006(b).

holding a hearing pursuant to Texas Rule of Civil Procedure 145.

Even if an inmate establishes indigence, an inmate's pauper status does not excuse him from paying costs as it might in other civil or criminal proceedings. *Leachman v. Stephens*, No. 02-13-00357-CV, 2016 WL 6648747, at \*8 (Tex. App.—Fort Worth Nov. 10, 2016, pet. denied) (mem. op.). Rather, an inmate's pauper status dictates how court costs are assessed and collected. *See Obadele v. Johnson*, 60 S.W.3d 345, 350–51 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding that an assessment of costs pursuant to section 14.006 did not deny the inmate his indigent status).

Griffin filed a "Declaration of Indigence" in which he averred he was (1) unable to pay court costs; (2) did not receive government entitlements; and (3) had no income, savings or checking accounts.

Griffin asserts that the trial court erred in assessing costs without holding a hearing on his declaration of indigence pursuant to Rule 145 of the Rules of Civil Procedure. In the order of dismissal, the trial court ordered Griffin to pay court fees and costs charged to him in this cause pursuant to section 14.006 of the Civil Practice and Remedies Code. The trial court did not hold a hearing on Griffin's declaration of indigence.

The plain language of Section 14.003(c) indicates that the court's determination to hold a hearing is discretionary. Tex. Civ. Prac. & Rem. Code § 14.003(c) ("In determining whether Subsection (a) applies, the court may hold a hearing."); *see also Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 938 (Tex. App.—Fort Worth 1997, pet. denied). In 2016, the Texas Supreme Court rewrote Rule of Civil Procedure 145 to require a trial court to hold a hearing on indigence when challenged. Tex. R. Civ. P. 145.

Pursuant to the Rules of Civil Procedure, a party who files a statement of inability to afford payment of costs, the declarant, cannot be required to pay costs except by order of the court as provided by Rule 145 of the Rules of Civil Procedure. Tex. R. Civ. P. 145(a). Rule 145 provides that the court may order the declarant to pay costs, among other scenarios, whenever evidence comes before the court that the declarant may be able to afford costs. Tex. R. Civ. P. 145(f)(4). The rule further states that the declarant may not be required to pay costs without a properly noticed oral evidentiary hearing and that an order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs. Tex. R. Civ. P. 145(f)(5), (6).

While Section 14.003(c) indicates that the court's determination to hold a hearing regarding whether an inmate has complied with Chapter 14 is discretionary, Rule 145 requires notice and an evidentiary hearing before ordering the declarant to pay costs. *Compare* Tex. Civ. Prac. & Rem. Code § 14.003(c) and Tex. R. Civ. P. 145(f)(5). We conclude the statute and the procedural rule conflict on the necessity of a hearing in this instance. When a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government Code section 22.004. *Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000). By its terms Chapter 14 may not be modified or repealed by a rule adopted by the supreme court. Tex. Civ. Prac. & Rem. Code § 14.014 ("Notwithstanding Section 22.004, Government Code, this chapter may not be modified or repealed by a rule adopted by the supreme court."). Therefore, in the context of inmate litigation, Rule 145 does not require a hearing on the inmate's declaration of indigence and the trial court did not err in failing to hold a hearing. We overrule Griffin's fourth issue.

## CONCLUSION

Having overruled Griffin's issues challenging dismissal of his claims we affirm the trial court's judgment dismissing Griffin's claims under section 14.003 of the Civil Practice and Remedies Code.


/s/ Jerry Zimmerer
Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.