**Affirmed and Memorandum Opinion filed May 8, 2025.**



In The

# Fifteenth Court of Appeals

## NO. 15-24-00119-CV

### ELIGAH DARNELL, JR., Appellant

### V.

### FREEMAN MARTIN, DIRECTOR OF TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee

**On Appeal from the 250th District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-24-003836**

## MEMORANDUM OPINION

Appellant Eligah Darnell, Jr., an inmate appearing pro se, sued Freeman Martin, the Director of the Texas Department of Public Safety (DPS),[1] seeking to enjoin Martin from requiring him to register for life under the Texas sex-offender-registration program (SORP). *See generally* Tex. Code Crim. Proc. arts. 62.01-

---

[1] We have substituted Freeman Martin for Steven McCraw. *See* Tex. R. App. P. 7.2(a) (automatically substituting public official's successor as party when public official is party in official capacity and ceases to hold office during pendency of appeal).

.408. On Martin's motion, the trial court dismissed Darnell's suit as frivolous or malicious. *See* Tex. Civ. Prac. & Rem. Code §§ 14.001-.014. Darnell then filed this appeal, contending that the trial court erred in dismissing his suit. For the reasons set forth below, we conclude that Darnell's claims are frivolous, and the trial court did not abuse its discretion in dismissing his suit.

## BACKGROUND

In 1989, Darnell was convicted of burglary of a habitation, possession of a prohibited weapon, and indecency with a child and was sentenced to nine years' imprisonment. Darnell was subsequently convicted on three separate occasions for failing to comply with sex-offender-registration requirements, and for each conviction, Darnell was sentenced to further imprisonment. Darnell has repeatedly litigated various issues underlying his convictions and his sex-offender-registration requirement without success.[2]

In the present case, Darnell filed suit under the Uniform Declaratory Judgment Act ("UDJA"), alleging that Martin improperly determined that he was subject to the SORP's lifetime-registration requirement. *See* Tex. Civ. Prac. & Rem. Code §§ 37.002-.011. In response, McGraw filed a motion to dismiss under Chapter 14 of the Texas Civil Practice and Remedies Code. *See id*. § 14.003. Following a hearing, the trial court granted the motion and dismissed Darnell's suit

---

[2] *See, e.g.*, *Ex parte Darnell*, No. WR-40,661-55, 2024 WL 5074419 (Tex. Crim. App. Dec. 11, 2024) (per curiam order) (not designated for publication) ("It is obvious from the record that [Darnell] continues to raise grounds that were previously rejected on the merits or that should have been raised in previous applications. We hold that [Darnell] has abused the writ and filed a frivolous lawsuit."); *Darnell v. State*, No. 02-10-00203-CR, 2011 WL 5515470 (Tex. App.—Fort Worth Nov. 10, 2011) (mem. op., not designated for publication) (affirming conviction for failing to comply with sex-offender registration requirements).

with prejudice.[3]   In what he characterizes as seven distinct issues on appeal, Darnell argues that the district court erred in dismissing his suit because, in his view, he has alleged a valid *ultra vires* claim against Martin.

**STANDARD OF REVIEW**

The Texas Legislature enacted Chapter 14 of the Texas Civil Practices and Remedies Code to "control the flood of frivolous lawsuits being filed in Texas courts by prison inmates," as these suits "consume many valuable judicial resources with little offsetting benefits." *Jackson v. Texas Dep't of Crim. Justice-Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi-Edinburg 2000, pet. denied).  Chapter 14 applies to civil suits, other than suits brought under the Family Code, filed by inmates who declare themselves unable to pay costs.  Tex. Civ. Prac. & Rem. Code §14.002(a).  Chapter 14 authorizes a trial court to dismiss an inmate's claim if it finds the claim is frivolous or malicious.  *Id.* § 14.003(a)(2).  In determining whether a claim is frivolous or malicious, the trial court may consider, among other things, whether the claim has any arguable basis in law or in fact.  *Id.* § 14.003(b)(2).  A claim has no arguable basis in law when it is based on an "indisputably meritless legal theory" or on "wholly incredible or irrational factual allegations." *Hosea v. Dominguez*, 668 S.W.3d 704, 708 (Tex. App.—El Paso 2022, pet. denied); *Nabelek v. District Att'y of Harris Cnty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

We generally review a trial court's dismissal under Chapter 14 for an abuse of discretion.  *Ramos v. Dunbar*, No. 15-24-00019-CV, 2025 WL 543113, at *2 (Tex. App.—15th Dist. Jan. 14, 2025) (no pet. h.) (applying abuse-of-discretion

---

[3] Chapter 14 provides that a trial court may conduct a hearing to determine whether a claim should be dismissed.  Tex. Civ. Prac. & Rem. Code § 14.003(c).  In the present case, the court reporter notified this Court that no recording or transcript of the hearing was made.

standard to Chapter 14 dismissal); *see, e.g., Hoffman v. Moore*, No. 13-18-00617-CV, 2020 WL 1951539, at *1 (Tex. App.—Corpus Christi-Edinburg Apr. 23, 2020, no pet.) (mem. op.) (citing *In re Douglas*, 333 S.W.3d 273, 293 (Tex. App.—Houston [1st Dist.] 2010, pet. denied)); *Dove v. State*, 560 S.W.3d 376, 378 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). However, whether a claim lacks an arguable basis in law is a question of law that we review de novo. *Dove*, 560 S.W.3d at 378; *Jackson v. Bell*, 484 S.W.3d 161, 164 (Tex. App.—Amarillo 2015, no pet.); *Hamilton*, 319 S.W.3d at 809. When a trial court does not specify the grounds for its dismissal under Chapter 14, the reviewing court may affirm under any applicable legal theory. *Hosea*, 668 S.W.3d at 708.

## DISCUSSION

In his first issue on appeal, Darnell asserts that the trial court erred in dismissing his *ultra vires* claim against Martin based on a finding that the claim is "frivolous or malicious as a matter of law."

The doctrine of sovereign immunity generally bars suits against the State or its agencies, absent a clear and unambiguous waiver of immunity by the Legislature. *Nazari v. State*, 561 S.W.3d 495, 500 (Tex. 2018). Even in the absence of a waiver of sovereign immunity, a claim may proceed against a government official in his official capacity if the plaintiff successfully alleges that the official is engaging in *ultra vires* conduct. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 163 (Tex. 2016). To fall within the *ultra vires* exception, "a suit must not complain of a government officer's exercise of direction, rather the plaintiff must allege, and ultimately prove, that the officer

4

acted without legal authority or failed to perform a purely ministerial act. *Schroeder v. Escalera Ranch Owners' Ass'n*, 646 S.W.3d 329, 332 (Tex. 2022). In this context, ministerial acts are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2016). In contrast, a government official acts "without legal authority" when the official exceeds the bounds of his granted authority or if his acts conflict with the law itself. *Id.* "[W]hether a suit attacking an exercise of limited discretion will be barred is dependent upon the grant of authority at issue in any particular case." *Houston Belt & Terminal Ry.*, 487 S.W.3d at 164.

Liberally construing his pleadings, Darnell claims that Martin has failed to recognize that he was required to register as a sex offender for a now-expired ten-year period and not for life and, as a result, that Martin has acted *ultra vires* by refusing to remove him from the sex-offender registry maintained by DPS. Found in Chapter 62 of the Texas Code of Criminal Procedure, the SORP requires persons convicted or adjudicated of certain "reportable" sex offenses to register with DPS and local law enforcement. Tex. Code Crim. Proc. arts. 62.001, .002(a), .051. A "reportable" sex offense includes a conviction for indecency with a child under Section 21.11 of the Penal Code. *Id.* art. 62.001(5)(A); Tex. Pen. Code § 21.11. While the duty to report as to many reportable offenses expires ten years from the date of disposition, a person who has a reportable conviction for a sexually violent offense is required to register annually for life. Tex. Code Crim. Proc. art. 62.101(a)(1). Article 62.001(6)(a) defines the term "sexually violent offense," and includes the offense of indecency with a child under Section 21.11(a)(1) of the Texas Penal Code, when the offense is "committed by a person 17 years of age or older." *Id.* art. 62.001(6)(a).

In addition, Chapter 62 requires DPS to (1) determine where the person registers with the local law enforcement agencies, (2) maintain and update the SORP's database and public information with the statutorily required information, and (3) remove a person's registration information when the person's duty to register as a sex offender expires. *Id*. arts. 62.004, .005, .251. DPS's duty to remove a person from the sex-offender registry arises when (1) DPS receives notice from local law enforcement that the person is no longer required to register or will no longer be required to renew registration, and DPS verifies the correctness of that information; (2) the court having jurisdiction over the case for which registration was required requests removal, and DPS determines that the duty to register has expired; or (3) when the person or person's representative requests removal, and DPS determines that the duty to register has expired. *Id*. art. 62.251(b).

Here, Darnell does not dispute that his conviction for indecency with a child constitutes a reportable offense under Chapter 62. Instead, Darnell alleges that his 1989 conviction for indecency with a child cannot support a determination that he has been convicted of a "sexually violent offense," as defined in Article 62.001(6)(a). According to Darnell, (1) at the time of his 1989 conviction, the offense of indecency with a child was not classified as a violent offense for purposes of the mandatory supervision statute, and (2) the offense of indecency with a child was not classified as a "sexually violent offense" under Chapter 62 until the statute was amended in 1997. Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 11, 1997 Tex. Gen. Laws 2253, 2264 (originally codified in Tex. Code Crim. Proc. art. 62.11) (repealed 2005). In short, Darnell contends that Chapter 62's definition of "sexually violent offense" cannot be retroactively applied to his 1989 conviction for indecency with a child. Darnell seeks a declaration that he is

not subject to lifetime registration and an injunction to prevent Martin from refusing to recognize that his sex-offender-registration obligation has expired. As part of this *ultra vires* claim, Darnell also seeks a declaration that Chapter 62 is "unconstitutional" as applied to him to the extent that it retroactively imposes a lifetime-registration requirement.

In enacting Chapter 62, the Legislature "considered the unique threat sex offenders present to public safety, the high rate of recidivism among sex offenders," and "the low incidence of rehabilitation among sex offenders." *In re M.A.H.*, 20 S.W.3d 860, 863 (Tex. App.—Fort Worth 2000, no pet.). Further, the Legislature sought "to advance public safety objectives by facilitating law enforcement's monitoring of sex offenders and by alerting members of the public who may be in an especially vulnerable situation to take appropriate precautions which could deter or prevent further crimes." *Id*. In its current form, Chapter 62 expressly states that it applies to a person who has a "reportable conviction or adjudication occurring on or after September 1, 1970." Tex. Code Crim. Proc. art. 62.002. Consequently, Chapter 62, including its definition of "sexually violent offense," applies to Darnell's 1989 conviction. Under the plain language of the statute, Darnell is subject to lifetime-registration requirements as a consequence of his 1989 conviction for indecency with a child. Darnell's legal theory that his duty to report as a sex offender has expired under the SORP and that, consequently, Martin acted without legal authority or failed to perform a ministerial act by refusing to remove him from the registry is "indisputably meritless." *See Hosea*, 668 S.W.3d at 708.

Moreover, to the extent Darnell challenges Chapter 62's retroactive application as unconstitutional, we also conclude that this legal theory is meritless. In his petition, Darnell asserts that Martin's "improper construction of Chapter 62"

7

deprives him of "Due Course of Law [under the Texas Constitution] and the Fourteenth Amendment [of the Federal Constitution]." We note that the Court of Criminal Appeals has determined that the application of the statute's lifetime-registration requirement to an individual convicted of an offense before the enactment of the statute's lifetime-registration requirement for that offense does not violate the Ex Post Facto Clause of the Federal Constitution or the Texas Constitution's prohibition of retroactive laws. *Rodriguez v. State*, 93 S.W.3d 60, 65 (Tex. Crim. App. 2002); *see Reynolds v. State*, 385 S.W.3d 93, 100 (Tex. App.—Waco 2012), *aff'd*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014) (concluding that "the retroactive effect of the [SORP did] not render it unconstitutional"); *see also Ex parte Darnell*, No. 02-08-229-CR, 2009 WL 976021, at * 1 (Tex. App.—Fort Worth April 9, 2009, pet. ref'd) (mem. op., not designated for publication) (concluding that Darnell could be indicted for failing to comply with sex-offender-registration requirement "without implicating either his rights to be free from double jeopardy or the ex post facto clauses of the state and federal constitutions"). In reaching this conclusion, the court noted that the SORP is "civil and remedial, and not criminal or punitive"; the statute's registration requirements do "not constitute an affirmative disability or restraint"; and the Legislature's charge to DPS for the assembly and maintenance of a sex-offender registry to track the whereabouts of sex offenders convicted or adjudicated on or before September 1, 1970, bears a rational connection to the promotion of public safety. *Rodriguez*, 93 S.W.3d at 69-75. For these same reasons, we conclude that the retroactive application of the SORP's lifetime-registration requirement to Darnell does not violate his due-course-of-law and due-process rights. *See Doolittle v. State*, No. 03-16-00685-CR, 2017 WL 2729670, at *8 (Tex. App.—Austin June 22, 2017, no pet.) (mem. op., not designated for publication) (concluding that inmate's substantive due-process rights were not violated by

lifetime-registration requirements because "the Legislature's choice" to designate some offenses as sexually violent offenses is "rationally related to the legitimate interest of protecting citizens from sexual predators").

We conclude that there is no basis in law to support Darnell's claim against Martin. Consequently, the trial court did not abuse its discretion by finding that the claim is frivolous and granting Martin's motion to dismiss.[4] We overrule Darnell's first issue on appeal.

## CONCLUSION

We affirm the judgment of the trial court.

/s/
_____
Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.

_____

[4] Martin also moved to dismiss on alternative grounds, including that Darnell's requests for relief are, in effect, post-conviction remedies that may only be pursued through a petition writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.07. In his remaining issues on appeal, Darnell challenges the trial court's dismissal of his suit on these alternative grounds. Because we affirm the trial court's dismissal of Darnell's claim on the ground that, as a matter of law, he cannot establish that Martin acted without legal authority or failed to perform a ministerial act, we need not decide these issues. *See* Tex. R. App. P. 47.1.