[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11989
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00366-RWS

WASEEM DAKER,

Plaintiff-Appellant,

versus

THEODORE JACKSON,
Sheriff,
A. FRALEY,
Deputy,
DEPUTY UNDERWOOD,
(First Name Unknown),
A. SAUNDERS,
Deputy,
R. UNDERWOOD,
Deputy, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
(November 15, 2019)

Before NEWSOM, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Waseem Daker is "a Georgia prisoner serving a life sentence for murder"

and a "serial litigant who has clogged the federal courts with frivolous litigation"

by "submit[ting] over a thousand *pro se* filings in over a hundred actions and

appeals in at least nine different federal courts." *Daker v. Comm'r, Ga. Dep't of*

*Corr.*, 820 F.3d 1278, 1281 (11th Cir. 2016) (*Daker v. Commissioner*).  In his

instant action, Daker appeals the district court's *sua sponte* dismissal of his 42

U.S.C. § 1983 civil rights complaint alleging the Fulton County Jail's policy

banning hardcover books violated his rights under the First Amendment, due

process, and the Religious Land Use and Institutionalized Persons Act.  The

complaint also alleged Daker's due process rights were violated when his property

was destroyed pursuant to the hardcover book ban.  Finally, Daker alleged the jail

violated his right of access to the courts because the mailroom returned his legal

mail to sender.  Daker requested permission to proceed *in forma pauperis* (IFP).

The district court denied that request and dismissed Daker's complaint pursuant to

the "three-strikes" bar of the Prison Litigation Reform Act (PLRA), 28 U.S.C.

§ 1915(g).[1]

On appeal, Daker contends the district court erred in determining he had at

least three strikes under the PLRA and that the "three-strikes" provision of the

PLRA is unconstitutional because it violates a prisoner's rights to equal protection,

access the courts, and the First Amendment's "breathing space" principle.[2]  After

review,[3] we affirm the district court.

## I.  DISCUSSION

### A.  *Three Strikes*

Daker lists the seven dismissals the district court identified when it

determined he had three strikes and perfunctorily asserts "[e]ach of these were

errors."  However, he specifically argues it was error for the district court to count

a dismissal by the Second Circuit in *Daker v. NBC*, No. 15-330 (2d Cir. May 22,

2015) as a strike because the Second Circuit cited an order by the Northern District

---

[1]  Alternatively, the district court dismissed the case because it concluded that Daker was not actually indigent.  Because we affirm the district court on the three-strikes bar, we need not address the district court's alternative holding.

[2]  We recently rejected both of these arguments in another appeal by Daker, *Daker v. Bryson*, No. 17-11418, __ F. App'x __, 2019 WL 3731424 (11th Cir. Aug. 8, 2019).

[3]  While we review the denial of a motion to proceed IFP for an abuse of discretion, we review interpretations of § 1915, including the determination of whether a previous lawsuit counts as a strike, *de novo*.  *Daker v. Commissioner*, 820 F.3d at 1283.  Whether a statute is constitutional is a question of law subject to *de novo* review.  *Ranch House, Inc. v. Amerson*, 238 F.3d 1273, 1277 (11th Cir. 2001).

of Georgia determining he had three strikes based on dismissals for want of prosecution, which may have been in error based on our decision in *Daker v. Commissioner*.

> Section 1915(g) reads:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, *on 3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

In *Daker v. Commissioner*, we explained that, under § 1915(g), the only dismissals that may be counted as strikes are dismissals on the grounds the claims were frivolous, malicious, or failed to state a claim. 820 F.3d at 1283–84. Because lack of jurisdiction and want of prosecution are not enumerated grounds under § 1915(g), such dismissals, without more, cannot serve as strikes. *Id.* at 1284. "A dismissal for want of prosecution, even after the denial of a petition to proceed [IFP] on the grounds of frivolousness, cannot be a strike" because IFP petitions are decided by a single judge, and a single judge may not dismiss an appeal. *Id.* at 1285. We cannot conclude that an action was dismissed as frivolous

4

unless the dismissing court made some express statement to that effect. *Id*. at 1284.

Daker's argument the Second Circuit dismissal does not count as a strike is meritless. That case counts as a strike because that court expressly dismissed that appeal as without "arguable basis in law or in fact," making the case frivolous. *Daker v. NBC*, No. 15-330 (2d Cir. May 22, 2015).

In any case, the district court identified six other, separate occasions in which this Court *sua sponte* dismissed Daker's appeals for frivolity.[4] These six dismissals constitute strikes[5] and establish that Daker, on three or more prior

---

[4] Section 1915(g) "strikes" Daker received before filing this case in January 2017 include, but are not limited to (1) *Daker v. Warden*, No. 15-13148 (11th Cir. May 26, 2016) ("This Court now finds that the appeal is frivolous . . . and DISMISSES the appeal."); (2) *Daker v. Comm'r, Ga. Dep't of Corr.*, No. 15-11266 (11th Cir. Oct. 7, 2016) ("[T]his Court now finds that his appeal is frivolous . . . and DISMISSES the appeal."); (3) *Daker v. Ferrero*, No. 15-13176 (11th Cir. Nov. 3, 2016) ("This Court now finds that the appeal is frivolous . . . and DISMISSES the appeal."); (4) *Daker v. Comm'r, Ga. Dep't of Corr.*, No. 15-13147 (11th Cir. Nov. 18, 2016) ("Daker lacks a non-frivolous issue to raise on appeal . . . and the appeal is DISMISSED."); (5) *Daker v. Jackson*, No. 15-13145 (11th Cir. Nov. 28, 2016) ("Daker lacks a non-frivolous issue to raise on appeal . . . and the appeal is DISMISSED."); and (6) *Daker v. Governor*, No. 15-13179 (11th Cir. Dec. 19, 2016) ("Daker lacks a non-frivolous issue to raise on appeal . . . and the appeal is DISMISSED."). We identified several of these strikes in an order directing this Court's clerk to list Daker as a "three-striker" for the purposes of future matters. *Daker v. Robinson*, Nos. 17-10329 & 17-11940 (11th Cir. Oct. 4, 2017).

[5] Daker argues the conditions of his confinement that prevented him from accessing the prison's law library interfered with his right to access the courts, and thus these dismissals should not be counted as strikes because he did not know the claims were frivolous. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996) (explaining while prisoners do not have a right to access a law library *per se*, they do have the right to access the courts, and to not have their access be affirmatively interfered with by prison officials). Daker's argument he did not know his filings were frivolous is meritless because § 1915(g) does not contain a "fault" exception. *See* 28 U.S.C. § 1915(g)

5

occasions, brought "an action or appeal" that was dismissed on the grounds it was frivolous, and he was barred from proceeding IFP without some showing of imminent danger. *See* 28 U.S.C. § 1915(g). A hardcover book ban and the return of his legal mail to sender in 2013 do not constitute imminent danger of serious physical injury. Thus, we affirm the district court's finding of seven strikes against Daker at the time of filing of this lawsuit.

## B.  *Constitutionality of 28 U.S.C. § 1915(g)*

Daker asserts the three-strikes provision violates the First Amendment's "breathing space" principle because it does not provide a margin of error and punishes *pro se* litigants for honest mistakes, rather than just for abuses of the legal system. Although Daker acknowledges *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 215 (2007), in which this Court rejected several constitutional challenges to § 1915(g), he argues *Rivera* did not address the "breathing space" argument, thereby arriving at the incorrect conclusion.

*Rivera* addressed challenges to the constitutionality of § 1915(g) on several grounds, including the First Amendment right to access the courts and the Fourteenth Amendment right to equal protection. *Rivera*, 144 F.3d at 723. We concluded the right to access the courts is subject to Congress's Article III power to set limits on federal jurisdiction, and Congress's decision to impose filing fees

on prisoners with three strikes is consistent with that power because Congress is not obligated to provide free or unlimited access to the courts. *Id*. at 723–24. Further, § 1915(g) "does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status." *Id.* at 723 (quotation omitted). "To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise." *Id.* at 724. Thus, it is reasonable to impose "a modest filing fee" on a prisoner with "three strikes" because "Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them." *Id.* (quotation omitted).

With respect to equal protection, we concluded that prisoner indigents who frequently file lawsuits do not form a suspect or quasi-suspect class, and that § 1915(g) does not burden a fundamental right. *Id*. at 727. Applying rational basis review, we held § 1915(g) is constitutional because it is rationally related to Congress's legitimate goal of curtailing abusive litigation and conserving judicial resources. *Id*. at 727–28.

Thus, to the extent Daker challenges § 1915(g) based on access-to-the-courts or equal-protection concerns, these claims are foreclosed by *Rivera*.[6]

---

[6] Daker's argument that *Rivera* is unconstitutional based on this Court's 1991 holding in *Cofield v. Alabama Public Service Commission*, 936 F.2d 512 (11th Cir. 1991) is without merit. In *Cofield*, this Court affirmed a district court's dismissal for frivolity of a complaint filed by an "overly litigious fellow" as well as the court's order requiring he obtain prefiling approval of any complaints or papers he filed. 936 F.2d at 513, 517-18. However, we vacated the court's blanket

The "breathing space" principle is the idea that, in order for the First Amendment to meaningfully protect the freedom of speech, individuals must have some margin for error—in other words, the ability to advance insulting, outrageous, or inadvertently false speech—when discussing matters of public concern before they can be held liable for the effects their speech has on others. *See, e.g.*, *Snyder v. Phelps*, 562 U.S. 443, 458 (2011) (discussing outrageous speech in a case involving intentional infliction of emotional distress); *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 52 (1988) (explaining defamation liability for statements regarding public figures requires a showing of falsity and knowledge the statement was false or the reckless disregard as to whether the statement was false, in order to prevent a chilling effect on public speech and debate).

Because there is no First Amendment right to access the courts for free, it follows that there is also no First Amendment right to speak in the courts for free and the "breathing space" principle is inapplicable.  Moreover, the concern that justifies the "breathing space" principle—the desire to prevent a chilling effect on speech and thereby promote public debate—is not implicated by a rule that determines whether an individual has to pay a filing fee in order to bring a lawsuit.

order barring him from proceeding IFP in the future.  *Id.* at 518-19.  *Cofield* is inapplicable because it did not involve the PLRA or the three-strikes provision.

8

*See BE & K Constr. Co. v. N.L.R.B.*, 536 U.S. 516, 531 (2002) (declining to decide whether objectively baseless litigation requires "breathing room" protection). Daker and other three-strike litigants are not prohibited from filing civil actions; they are merely prevented from enjoying IFP status. *See Rivera*, 144 F.3d at 723.

Daker also argues the PLRA's three-strikes provision is unconstitutional as applied to him in the instant case. However, the nature of Daker's lawsuit does not change the constitutional analysis. Our case law indicates there may be situations in which waiver of the filing fee is constitutionally required for a three-strikes litigant, if a fundamental interest is involved. *See Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (stating when fundamental interests are at stake, the litigant's inability to pay a fee cannot be a barrier to his access to the courts); *Rivera*, 144 F.3d at 724. Daker alleges a ban on hardcover books and the failure to forward legal mail violated his rights to freedom of speech, religion, and access to the courts. While these are certainly constitutional rights, they do not fit into one of the types of fundamental interests recognized in *Rivera*: state controls and intrusions on family relationships or danger of serious bodily injury. *See Rivera*, 144 F.3d at 724. Accordingly, these are not the types of fundamental interests that would warrant waiver of the filing fee irrespective of Daker's status as a three-strikes litigant. Thus, § 1915(g) is constitutional as applied to Daker.

## II.  CONCLUSION

The district court did not err in determining Daker had at least three strikes, and Daker's challenge to the constitutionality of § 1915(g) fails.  Thus, we affirm the district court's dismissal of his complaint.[7]

**AFFIRMED.**

---

[7] In addition, Daker's motion for appointment of counsel is DENIED.