[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11940
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-03917-RWS-CMS


WASEEM DAKER,

Plaintiff-Appellant,

versus

CATHELENE TINA ROBINSON,
Clerk,
EMMA LUCIER,
Deputy Clerk,
R. WARE,
Deputy Clerk, Fulton County Superior Court,
GAIL S. TUSAN,
Chief Judge,
WENDY L. SHOOB,
Deputy, Chief Judge, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 19, 2020)

Before ROSENBAUM, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Waseem Daker is "a Georgia prisoner serving a life sentence for murder" and a "serial litigant who has clogged the federal courts with frivolous litigation" by "submit[ting] over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts." *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1281 (11th Cir. 2016) ("*Daker v. Commissioner*"). In this action, Daker appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 civil-rights complaint, filed in September 2016, alleging claims against various state-court judges and clerks for mishandling many of his state cases, including a petition to compel state prison officials to use sanitized and properly maintained clippers when shaving prisoners. Daker requested permission to proceed *in forma pauperis* ("IFP"). The district court denied that request and dismissed Daker's complaint

2

under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).[1]

On appeal, Daker contends that the district court erred in determining he had at least three strikes under the PLRA. He also argues that the "three-strikes" provision is unconstitutional because it violates the First Amendment's "breathing space" principle and a prisoner's rights to equal protection and access the courts. After careful review, we affirm.

## I.

We review *de novo* interpretations of § 1915, including the determination of whether a previous lawsuit counts as a strike. *Daker v. Commissioner*, 820 F.3d at 1283. Section 1915(g) reads,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Daker v. Commissioner*, we explained that, under § 1915(g), the "*only* grounds that can render a dismissal a strike" are the three grounds enumerated in the

---

[1] Alternatively, the district court dismissed the case because it concluded that Daker was not actually indigent. Because we affirm the district court on the three-strikes bar, we need not address the district court's alternative holding.

statute:  that it was "frivolous," "malicious," or "fails to state a claim upon which relief may be granted."  820 F.3d at 1283–84 (emphasis in original).  Therefore, dismissals for lack of jurisdiction or want of prosecution, without more, cannot count as strikes.  *Id.* at 1284.  Instead, to count as a strike, the dismissing court must make "some express statement" to the effect that the dismissal was based on one of the three enumerated grounds.  *Id.*  We further explained that "[a] dismissal for want of prosecution, even after the denial of a petition to proceed [IFP on appeal] on the grounds of frivolousness, cannot be a strike" because IFP petitions are decided by a single judge, and a single judge may not dismiss an appeal.  *Id.* at 1285.

Here, the district court did not err by dismissing Daker's complaint on the ground that he had "at least" three strikes under § 1915(g).  Of the cases listed by the district court, we have held that two of them—*Daker v. Warden*, No. 15-13148 (11th Cir. May 26, 2016), and *Daker v. Mokwa*, No. 2:14-CV-395, docs. 2, 5 (C.D. Cal. Mar. 19, 2014)—constitute strikes.  *Daker v. Keaton*, 787 F. App'x. 630, 633 (11th Cir. 2019) (holding that *Daker v. Warden* and *Daker v. Mokwa* count as strikes); *Daker v. Head*, 730 F. App'x 765, 767 (11th Cir. 2018) (holding that *Daker v. Mokwa* counts as a strike).  In addition, Daker had at least two other strikes under § 1915(g) before he filed this case in September 2016.  *See Daker v. Jackson*, 942 F.3d 1252, 1256–57 (11th Cir. 2019) (holding that *Daker v. NBC*, No. 15-330 (2d Cir. May 22, 2015), counted as a strike); *Daker v. Warren*, 779 F. App'x 654, 657

4

(11th Cir. 2019) (holding that *Daker v. Warren*, No. 13-11630 (11th Cir. Mar. 4, 2014), counted as a strike).

Because these cases establish that Daker had at least three strikes under § 1915(g) before filing this lawsuit, he was ineligible to proceed IFP without a showing of "imminent danger of serious physical injury." 28 U.S.C. 1915(g). Daker does not address the "imminent danger" requirement on appeal, however, so any challenge to that issue has been abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citations omitted)).

In any case, we agree with the district court that Daker failed to allege imminent danger of serious physical injury. In the district court, Daker contended that he met the imminent danger requirement because Georgia Department of Corrections officials "forcibly shaved Plaintiff with unsanitized clippers on several occasions," "cutting him" and burning him in the process, on another occasion "twice banged his head against the wall," and "as a result, Plaintiff is still at risk of use of force and infection with HIV, Hepatitis, and other infectious diseases." However, past harm is insufficient to meet the imminent-danger requirement. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). And Daker's allegations of future harm arising from the use of unsanitized clippers are both too speculative to meet the imminent danger standard and too attenuated from the crux of the

complaint—that state actors mishandled his state cases. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]he statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.").

Because we conclude that Daker had at least three strikes under § 1915(g) and did not plausibly allege imminent danger of serious physical injury, we affirm the *sua sponte* dismissal of Daker's complaint.[2]

## II.

Daker next raises an array of constitutional challenges to § 1915(g), both on its face and as applied to him. Although he acknowledges that our decision in *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated in part on other grounds Jones v. Bock*, 549 U.S. 199, 215 (2007), rejected several constitutional challenges to § 1915(g), he asserts that *Rivera* did not resolve his argument that the three-strikes provision violates the First Amendment's "breathing space" principle, nor, in Daker's view, did *Rivera* foreclose his as-applied challenges to § 1915(g). Alternatively, he contends that *Rivera* conflicts with *Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 517–19 (11th Cir. 1991), which he says controls

---

[2] Daker also contends that the district court wrongly concluded that his objections to the magistrate judge's report and recommendation were untimely. Because, reviewing *de novo*, we conclude that the complaint was properly dismissed under the three-strikes provision, we need not address whether the district court erred in this regard.

over *Rivera*.  Finally, he argues that the three-strikes provision as applied to him violates the First Amendment and his rights to equal protection and access to the courts.[3]

The constitutionality of a statute is a question of law subject to *de novo* review. *Ranch House, Inc. v. Amerson*, 238 F.3d 1273, 1277 (11th Cir. 2001).  Under the prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*.  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

We recently rejected each of Daker's arguments in another of his appeals.  *See Daker v. Jackson*, 942 F.3d at 1258.  First, we held that *Rivera* foreclosed Daker's challenge to § 1915(g) based on access-to-the-courts or equal-protection concerns. *Id.*  Second, we concluded that "[b]ecause there is no First Amendment right to access the courts for free, it follows that there is also no First Amendment right to speak in the courts for free and the 'breathing space' principle is inapplicable."  *Id.* Third, we found that Daker's argument that *Cofield* controlled over *Rivera* was

---

[3] Daker raises due-process concerns with respect to three specific prior cases and their use as strikes.  We need not and do not address these concerns because we have not relied on these cases in concluding that Daker had three strikes.  Plus, we note that *Daker v. Commissioner* appears to resolve Daker's concerns by stating that later courts may not characterize a prior dismissal as a strike unless "the dismissing court made some express statement" to the effect that the dismissal was based on one of the three enumerated grounds in § 1915(g).  820 F.3d at 1284.

"without merit," explaining that "*Cofield* is inapplicable because it did not involve the PLRA or the three-strikes provision."[4]  *Id.* at 1258 n.6.

**AFFIRMED.**

---

[4] Daker also relies on other cases involving filing injunctions imposed by courts.  But those cases do not apply here because they did not involve the PLRA or the three-strikes provision.