[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11400

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

PATRICK HEAD, et al.,

Defendants,

BRIAN OWENS,
RICK JACOBS,
ROBERT TOOLE,
MR. DELOACH,
FNU,

2                    Opinion of the Court                    21-11400

BETTY BAILEY-DEAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:14-cv-00047-RSB-BWC

_____

Before BRANCH, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding *pro se*, appeals multiple interlocutory orders in his civil action against numerous individuals about the conditions of his confinement and other alleged wrongs that purportedly have occurred since his 2012 incarceration. First, he appeals three separate injunctive relief orders issued on March 16, 2021, that denied (1) his motion to require the defendants to allow a tray or plate to be prepared and delivered to his segregation cell during the 2020 Eid feast; (2) his motions for access to the law library and photocopying to assist with proving his case; and (3) his request to be released from Tier II segregated confinement. Second, he appeals a since-vacated March 26, 2021, order that granted the defendants' motion to dismiss most of Daker's claims and denied Daker's motions to

enjoin the defendants from forcibly shaving his beard.[1]  Because intervening events have rendered this appeal moot, we dismiss this appeal.

## I.    Background

We are familiar with Daker, who "is a Georgia prisoner serving a life sentence for murder and a serial litigant who has clogged the federal courts with frivolous litigation by submit[ting] over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts." *Daker v. Jackson*, 942 F.3d 1252, 1255 (11th Cir. 2019) (quotations omitted).  We limit our background discussion to the relevant procedural history.

Daker filed a civil complaint in 2014 against numerous individuals about the conditions of his confinement and other alleged wrongs.  Initially, the district court dismissed his case under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).  Daker successfully appealed, and his case was reinstated in 2018.

Following the reinstatement, Daker filed an abundance of motions and injunctive relief requests in the district court, including motions seeking (1) to require the defendants to allow a

---

[1] In his initial brief, Daker asserts that he is also appealing from a March 26, 2021, "Authorities Order," which overruled his objections to the denial of, among other things, a request to compel the defendants to provide him with copies of the statutes and caselaw cited in two of the defendants' motions. However, we previously concluded that we lacked jurisdiction over that order and dismissed this appeal in part as to that order.

tray or plate to be prepared and delivered to his segregation cell during the 2020 Eid feast; (2) to require access to the law library and photocopying so that he could litigate his complaint; (3) his release from Tier II segregated confinement; and (4) to prohibit the defendants from forcibly shaving his beard. The district court denied these motions, and Daker brought this appeal.

While this appeal was pending, the underlying litigation continued. The district court ultimately dismissed Daker's complaint with prejudice for failure to comply with its prior order to pay the defendants monetary sanctions in the form of costs and expenses after Daker refused to answer questions at a deposition. Daker appealed from the final judgment in a separate proceeding. Meanwhile, he moved to stay the instant interlocutory appeal pending the resolution of his appeal from the final judgment, and we granted his request. In the appeal from the final judgment, we affirmed the district court's dismissal. *Daker v. Owens*, Nos. 22-12830, 22-13438, 2024 WL 2796400 (11th Cir. May 31, 2024) (unpublished). Thus, we are now left with only Daker's interlocutory appeal.[2]

---

[2] Daker has another interlocutory appeal pending before this Court in which he seeks to appeal from a post-final-judgment October 31, 2022, order denying as moot another motion for access to photocopying. To the extent that he seeks consolidation of this appeal with that one for the first time in his reply brief, we conclude that consolidation is not appropriate. Accordingly, his request is **DENIED**.

## II.    Discussion

As with all cases, before addressing the merits of an appeal, we must ensure that we have jurisdiction. *English v. City of Gainesville*, 75 F.4th 1151, 1155 (11th Cir. 2023) ("We have a threshold obligation to ensure that we have jurisdiction to hear an appeal, for without jurisdiction we cannot proceed at all in any cause." (quotations omitted)). The defendants argue that we can no longer entertain this appeal because the dismissal of the underlying case renders the appeal moot. Daker argues that his appeal is not moot because "the Order denying Preliminary Injunctions for photocopying directly caused the district court's September 30, 2022 dismissal order and judgment." He maintains that because his photocopying request was denied, he was unable to show that he lacked the financial ability to pay the monetary sanctions which led to the dismissal of his case.

Article III of the Constitution limits federal courts to deciding "[c]ases" and "[c]ontroversies." U.S. Const. art. III § 2. The mootness doctrine derives from this limitation because "we cannot entertain [an] appeal unless an actual dispute continues to exist between the parties." *Bourgeois v. Peters*, 387 F.3d 1303, 1307–08 (11th Cir. 2004). Thus, "mootness is a jurisdictional issue that must be resolved at the threshold." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000). "[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotations omitted). An appeal

can be rendered moot—in whole or in part—by intervening events. *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022).

A district court order granting or denying a preliminary injunction is immediately appealable.   28 U.S.C. § 1292(a)(1). However, if a party brings an interlocutory appeal of an order granting or denying a preliminary injunction and the district court later enters final judgment, the court's earlier order on the preliminary injunction merges into the final judgment and renders the interlocutory appeal moot. *Burton v. State of Ga.*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992); *Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262, 1262 (2007) ("We have previously dismissed interlocutory appeals from the denials of motions for temporary injunctions once final judgment has been entered.").   In other words, "[o]nce a final judgment is rendered, the appeal is properly taken from the final judgment, not the preliminary injunction." *See Burton*, 953 F.2d at 1272 n.9; *see also Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989) (explaining that an "appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment").

There are exceptions to mootness.  "First, a case is not moot where the issue raised is capable of repetition, yet evading review." *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1120 (11th Cir. 1995) (quotations omitted).   Second, a case is not moot "where an appellant has taken all steps necessary to perfect the appeal and to preserve the status quo before the dispute becomes moot." *Id.* at

21-11400                Opinion of the Court                    7

1121 (quotations omitted).    And third, we may review "an otherwise-moot case if the district court's order will have dangerous collateral consequences if not reversed." *Id.*

Here, because the district court has rendered a final judgment dismissing the underlying action, this appeal is moot. *See Burton*, 953 F.2d at 1272 n.9.  Although Daker argues that the case is not moot because the denial of his request for photocopying prevented him from showing an inability to pay the court ordered monetary sanctions, which effectively led to the dismissal of his case, we disagree.[3]  First, Daker's argument does not fall within the scope of any of the recognized exceptions to mootness.  Second, Daker made this same argument in his appeal from the district court's final judgment.  In that appeal, we noted that "[t]he district court concluded that, even if Daker had shown an inability to pay, it still would have found dismissal appropriate." *Daker*, 2024 WL 2796400, at *8.  Specifically, we explained that

> [t]he district court found that Daker's failure to comply with the sanctions order was the latest transgression in a pattern of willful misconduct, delay, and abusive litigation tactics in this case, and that [Daker's] behavior demonstrate[d] willful defiance of the [c]ourt.  The district court also found that lesser sanctions were inappropriate given Daker's repeated failure to comply with prior orders.

---

[3] We note that the order denying his requests for photocopying related to the sanctions order was entered after the notice of appeal in this case and is not part of this appeal.

*Id.* (quotations omitted).  We concluded that the district court did not abuse its discretion, and we are bound by that holding.  *Id.* Accordingly, we dismiss this appeal as moot.  *See Brooks*, 59 F.3d at 1122 (explaining that generally where a case becomes moot while on appeal, we "must dismiss the appeal and vacate the underlying judgment," but "[i]n the case of interlocutory appeals, . . . the usual practice is just to dismiss the appeal as moot and not vacate the order appealed from" (quotations omitted)).

**APPEAL DISMISSED.**