**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13161

Non-Argument Calendar

_____

WASEEM DAKER,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER, GEORGIA DEPARTMENT OF
CORRECTIONS,
GREGORY DOZIER,
    Former Commissioner,
HOMER BRYSON,
    Former Commissioner,
JACK KOON,
    Facilities Director,
JOHNNY SIKES,
    Deputy Facilities Director, et al.,

*Defendants-Appellees.*

—————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:22-cv-00341-MTT-CHW

—————————————

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Waseem Daker, proceeding *pro se*, appeals from the Middle District of Georgia's order dismissing without prejudice his complaint under 42 U.S.C. § 1983, for failure to comply with the Northern District of Georgia's permanent injunction that required Daker when filing any new lawsuit in any federal court to include a copy of the Northern District's injunction order and a complete list of his litigation history or else his suit would be subject to dismissal. Daker argues that (1) the district court erred in dismissing his complaint because the Northern District lacked the jurisdiction to issue a universal injunction; and (2) the district court abused its discretion in dismissing his original complaint and rejecting his amended complaint.[1] After review, we affirm.

---

[1] Daker also argues that the district court's dismissal order did not specify whether it was without prejudice, and, therefore, under Federal Rule of Civil Procedure Rule 41(b), it effectively operated as an adjudication on the merits and a dismissal with prejudice. *See* Fed. R. Civ. P. 41(b) (providing that generally, unless the order states otherwise, a dismissal under Rule 41(b) "operates as an adjudication on the merits"); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (explaining that "an adjudication on the merits" constitutes a dismissal with prejudice). He maintains that a dismissal with prejudice is erroneous under these circumstances for multiple reasons. The

## I.    Background

In 2020, the Northern District of Georgia issued a permanent injunction which imposed certain filing restrictions on Daker, who is an abusive serial litigant. *Daker v. Deal*, No. 1:18-cv-5243, Doc. 57 (N.D. Ga. Aug. 4, 2020); *see also Daker v. Jackson*, 942 F.3d 1252, 1255 (11th Cir. 2019) ("Daker is a Georgia prisoner serving a life sentence for murder and a serial litigant who has clogged the federal courts with frivolous litigation by submitting over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts." (alteration adopted) (quotations omitted)).   The order permanently enjoined Daker from "filing or attempting to file any new lawsuit or petition in [the Northern District] without first posting a $1,500.00 contempt bond in addition to paying the required filing fee." *Daker*, No. 1:18-cv-5243, Doc. 57 at 17–18.  In addition, Daker was ordered to include with every lawsuit he files in any federal court "(1) a copy of [the permanent injunction] order, and (2) a list of each and every lawsuit, habeas corpus petition, and appeal that he has filed in any federal court along with the final disposition of each lawsuit, petition or appeal." *Id*. at 19.  The order further advised Daker that any complaint he filed in the Northern District of Georgia without this information, or without posting the contempt bond, would "be summarily dismissed." *Id*.  Daker

---

record confirms, however, that the district court did not dismiss the case with prejudice.  Rather, the district court adopted the magistrate judge's report and recommendation in full, which recommended dismissal without prejudice, and made it "the order of the Court."  Accordingly, the dismissal was without prejudice, and we do not address this issue further.

appealed and challenged the permanent injunction's requirements, but we affirmed. *See Daker v. Governor of Ga.* ("*Daker I*"), no. 20-13602, 2022 WL 1102015 (11th Cir. 2022) (unpublished).

As relevant to the present appeal, in 2022, Daker filed a *pro se* § 1983 complaint in the Middle District of Georgia alleging that Georgia Department of Corrections officials, Valdosta State Prison officials, and Smith State Prison officials from 2018 through 2022 ignored their statutory duty to provide prisoners with certified copies of their account statements and access to photocopying, which violated Daker's right to access the courts. Daker completed the standard form for prisoners proceeding *pro se* under § 1983. With regard to the litigation history section of the form, he stated that he had "too many federal lawsuits to list or remember. However, all of [his] federal lawsuits [were] on PACER."

Prior to service on the defendants, a magistrate judge, *sua sponte*, issued a report and recommendation ("R&R"), recommending that Daker's complaint be dismissed without prejudice for failure to comply with the Northern District's permanent injunction's requirements that he include a copy of the order and a complete listing of his litigation filings in any new case filed in any federal court. The magistrate judge concluded that Daker's failure to include this information was a bad faith deliberate attempt to conceal his misconduct, particularly when viewed in light of the fact that he then had "more than 325 actions or appeals" on Pacer. Accordingly, given Daker's "willful misconduct in this case, coupled with his extensive history of

abusing the judicial process," the magistrate judge recommended dismissal without prejudice under "Federal Rule of Civil Procedure 41, the Court's inherent authority, and/or as malicious under 28 U.S.C. § 1915A."

Daker objected, arguing, in relevant part, that he could amend the complaint as a matter of right under Federal Rule of Civil Procedure 15, and he submitted a first amended complaint, which included his full litigation history as required. He further asserted that he could demonstrate good cause for failure to include the litigation history initially because he had allegedly been denied access to his stored legal materials and to photocopying by prison officials who had allegedly destroyed his only copy of the Northern District's injunction.

The district court overruled his objections and adopted the R&R. The district court concluded that Daker's First Amended Complaint was untimely under Rule 15 because it was filed over five months after his original complaint, before service on the defendants, without the defendants' consent, and without leave of court. The court further noted that, even if it construed Daker's amended complaint as a motion for leave to amend, amendment would be futile because his amended complaint did not attach a copy of the permanent injunction order. Moreover, the court noted that, despite Daker's belated compliance attempts, dismissal was still proper because "permitting Daker to acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." (quotations omitted). As for Daker's

allegations that he could not comply with the filing requirements due to misconduct by prison officials, the district court concluded that he had not attempted to comply because he failed to mention the injunction at all and did not attempt to list his federal litigation history. Thus, because Daker failed to even attempt to comply with the injunction's filing requirements, dismissal was appropriate. This appeal followed.

## II.    Discussion

Daker argues that the district court erred in dismissing the underlying § 1983 complaint because the Northern District lacked jurisdiction to enter a nationwide filing requirement that he report the injunction and his litigation history to other courts. Additionally, he argues that the district court erred in dismissing his complaint and in rejecting his first amended complaint. We address each argument in turn.

### A. Daker's jurisdictional argument

Daker argues that the district court erred in dismissing the underlying § 1983 complaint because the Northern District lacked jurisdiction to enter a nationwide filing requirement that he report the injunction and his litigation history to other courts. Daker previously raised this argument in his appeal challenging the issuance of the injunction, and we rejected it. *See Daker I*, 2022 WL 1102015, at *2 (rejecting argument that "the district court lack[ed] jurisdiction to order [Daker] to report his litigation history to other courts" because "reporting litigation history to other tribunals ensures enforcement of the injunction, which operates

continuously and perpetually upon and is binding upon Daker . . . throughout the United States" (alterations adopted) (quotations omitted)). Thus, his claim is squarely foreclosed by our prior decision.[2] *Id.*

### B.  *The district court's dismissal decision*

Daker argues that the district court erred in dismissing his case. Furthermore, he argues that the district court erred in rejecting the first amended complaint as untimely under Rule 15. He maintains that he demonstrated good cause for non-compliance with the injunction based on his allegations—which must be accepted as true at this stage—that the defendants'

---

[2] To the extent that Daker argues that the Supreme Court's recent decision concerning the district court's authority to issue universal or nationwide injunctions in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), abrogates or otherwise overrules our decision in *Daker I*, his argument is unpersuasive. The injunction against Daker is not a universal or nationwide injunction. *See Trump*, 606 U.S. at 837 & n.1, 861 (explaining that universal or nationwide injunctions prohibit the Government from enforcing a challenged law or policy against "anyone," "anywhere in the Nation" and holding that such injunctions "likely exceed the authority conferred by the Judiciary Act"). Rather, the injunction here is "a traditional, parties only injunction" which the *Trump* court acknowledged "can apply beyond the jurisdiction of the issuing court." *Id.* at 837 n.1; *see also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387–88 (11th Cir. 1993) (enforcing a permanent filing injunction issued by a Connecticut district court against an abusive litigant); *see also Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1317 (11th Cir. 2021) ("[F]ederal courts can protect their dockets from abuse by frequent filers so long as the measures taken are a reasonable response to the abuse and access to the courts is not entirely foreclosed.").

misconduct prevented him from complying with the injunction's filing requirements.[3]

Rule 41(b) authorizes the dismissal of an action "[i]f the plaintiff fails to . . . comply with . . . a court order." Fed. R. Civ. P. 41(b). Additionally, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017). Thus, a district court may *sua sponte* dismiss a case under the authority of either (1) Rule 41(b), or (2) the court's "inherent power to manage its docket." *See Betty K Agencies Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "Parties subject to a court's order demonstrate an inability to comply only by showing that they have made in good faith all reasonable efforts to comply." *PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1213 (11th Cir. 2019) (quotations omitted).

"We review for abuse of discretion a district court's dismissal for failure to comply" with a court order. *Betty K Agencies*, 432 F.3d at 1337. "Discretion means the district court has a range

---

[3] Daker also asserts that the issue of his failure to comply with the injunction should have been submitted to a jury, citing *Perttu v. Richards*, 605 U.S. 460 (2025). *Perttu* held that prisoners are entitled to a jury trial when the threshold question of whether they have exhausted the grievance process required by the Prison Litigation Reform Act is "intertwined with the merits of a claim that falls under the Seventh Amendment" right to a jury trial. *Id.* at 468, 479. Daker's case was not dismissed based on a lack of exhaustion; therefore, *Perttu* is inapplicable, and we do not address this issue further.

of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." (quotations omitted). Notably, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Generally, the court should grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). However,

> in deciding whether to grant a party leave to amend a pleading, a district court may consider several factors, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.

*Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009). "We generally review the denial of a motion to amend a complaint for an abuse of discretion, but we review questions of law[, such as whether amendment would have been futile,] *de novo*." *Williams v. Bd. Of Regents of Univ. Sys. Of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007) (citation omitted).

Here, the district court did not abuse its discretion in dismissing Daker's complaint for failure to comply with the injunction. Daker was clearly aware of the injunction and that the court could summarily dismiss his case if he failed to comply with the filing requirements. Yet he did not bring the injunction to the

court's attention or otherwise attempt to comply until the magistrate judge issued an R&R recommending that the case be dismissed for willful non-compliance.    Moreover, Daker acknowledged in his objections to the R&R that he knew that his original complaint failed to comply with the injunction.  Thus, the record supports the district court's conclusion that Daker was engaged in willful misconduct and abusing the judicial process, which warranted dismissal.  *See Equity Lifestyle Props.*, 556 F.3d at 1241 ("A district court need not tolerate defiance of reasonable orders.").

Daker argues that his non-compliance should have been excused because he filed an amended complaint that included his litigation history in compliance with the injunction.    Even assuming arguendo that he had a right to file an amended complaint over five months after the filing of his original complaint,[4] the district court did not abuse its discretion in denying amendment because as the court explained (1) the amended complaint was still not in full compliance with the injunction as it did not contain a copy of the injunction order; (2) Daker had not made good faith reasonable efforts to comply with the injunction; and (3) allowing Daker to belatedly comply with the injunction would overlook his continued abuse of the judicial process.  These factors are all legitimate considerations the court could take into

---

[4] Because we assume for purposes of this opinion that Daker could have amended the complaint, we do not address his timeliness arguments under Rule 15.

24-13161               Opinion of the Court                11

account when deciding whether to grant amendment.  *Id.*; *see also PlayNation Play Sys., Inc.*, 939 F.3d at 1213 ("Parties subject to a court's order demonstrate an inability to comply only by showing that they have made in good faith all reasonable efforts to comply." (quotation omitted)).  Daker has not shown that denial of leave to amend was an abuse of discretion under these circumstances.

**AFFIRMED.**