**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-13104

Non-Argument Calendar

————————————————

WASEEM DAKER,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER, GEORGIA DEPARTMENT OF
CORRECTIONS,
BRIAN OWENS,
　　Former Commissioner,
HOMER BRYSON,
　　Former Commissioner,
GREGORY DOZIER,
　　Former Commissioner,
JACK KOON,
　　Facilities Director, et al.,

*Defendants-Appellees.*

––––––––––––––––––––

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:22-cv-00342-TES-TQL

––––––––––––––––––––

Before JORDAN, KIDD, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Waseem Daker, proceeding pro se, appeals the Middle District of Georgia's ("Middle District") dismissal of his complaint without prejudice under 42 U.S.C. § 1983 for failure to comply with the Northern District of Georgia's ("Northern District") permanent filing injunction against him and its denial of his motion to vacate or reconsider the dismissal order under Federal Rule of Civil Procedure 59(e).[1] Daker presents three arguments on appeal: (1) he contends that the Northern District's filing injunction against him is an impermissible universal injunction and advisory opinion considering the Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025); (2) he argues that the district court abused its discretion in dismissing his original complaint for failure to comply with the Northern District's filing injunction and rejecting his amended complaint; and (3) he argues that the district court abused its discretion in denying his motion to vacate or reconsider its dismissal order under Fed. R. Civ. P. 59(e). Having reviewed

––––––––––––––––––––

[1] Daker also moves this Court to certify a question of law to the Georgia Supreme Court. Because this appeal can be fully resolved without addressing questions of Georgia state law, Daker's motion to certify is DENIED.

the record and read Daker's brief,[2] we affirm the district court's order of dismissal.

## I.

We review questions concerning the district court's jurisdiction de novo. *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). We review for an abuse of discretion a district court's imposition of a filing injunction. *Miller v. Donald*, 541 F.3d 1091, 1095-96 (11th Cir. 2008). "A district court abuses its discretion when its factual findings are clearly erroneous, when it follows improper procedures, when it applies the incorrect legal standard, or when it applies the law in an unreasonable or incorrect manner." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. This protection can come in various forms, including pre-filing injunctions. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387–88 (11th Cir. 1993) (affirming the Southern District of Florida's dismissal of a case based on the plaintiff's violation of a permanent injunction issued by the District of Connecticut). Courts

---

[2] Appellee Commissioner of the Georgia Department of Corrections did not file a brief.

also have the authority to dismiss an action for failure to follow court orders under Fed. R. Civ. P. 41(b). *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).

In *Trump v. CASA*, 606 U.S. 831, 145 S. Ct. 2540 (2025), the Supreme Court stayed district court injunctions that barred the government from enforcing, against anyone, a policy defining circumstances in which a person born in the United States would not be recognized as a United States citizen. *Id.* at 837–39, 145 S. Ct. at 2548-50. The Court held that the government was likely to succeed on the merits of its argument that district courts lacked the authority to enter such "universal" injunctions (i.e., those that "prohibit enforcement of a law or policy against *anyone*") because the Judiciary Act of 1789 did not vest district courts with this equitable authority. *Id.* at 837, 841–47, 145 S. Ct. at 2548, 2550-54. The Court stressed that its early decisions, and those of other federal courts, revealed a refusal to grant requests for relief that extended beyond the parties. *Id.* at 843–44, 145 S. Ct. at 2552-53. But it added that "a traditional, parties-only injunction can apply beyond the jurisdiction of the issuing court." *Id.* at 837 n.1, 145 S. Ct. at 2548 n.1. It further held that, in fashioning an equitable remedy that affords a plaintiff complete relief, nonparties may incidentally benefit. *Id.* at 851–52, 145 S. Ct. at 2257.

We conclude that the Supreme Court's decision in *CASA* does not limit the enforceability of the Northern District's filing injunction against Daker. Unlike the universal injunctions at issue in *CASA*, the filing injunction against Daker does not provide direct

relief to nonparties. Instead, the injunction merely requires Daker to take specified actions when he files new lawsuits in any federal court.

## II.

We review for abuse of discretion a district court's dismissal of a case for failure to comply with the rules of the court. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). We generally review a district court's denial of leave to amend a pleading for an abuse of discretion, but we review questions of law de novo. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint "once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2).

In determining whether to grant a party's motion for leave to amend, "a district court may consider several factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allow-

ance of the amendment, [and] futility of amendment." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (alteration in original) (quotation marks omitted). An amendment is futile when the complaint as amended would still be subject to dismissal. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). A duly filed amended complaint "supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219-20 (11th Cir. 2007).

"A district court need not tolerate defiance of reasonable orders." *Equity*, 556 F.3d at 1241. We will excuse a party's failure to comply with a court order when the party demonstrates that it was unable to comply with the order after making every reasonable effort to do so. *See PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1213–14 (11th Cir. 2019) (upholding a civil contempt order because the defendant did not take every available reasonable step to comply with an injunction). We have previously remarked that Daker is "a serial litigant who has clogged the federal courts with frivolous litigation by submit[ting] over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts." *Daker v. Jackson*, 942 F.3d 1252, 1255 (11th Cir. 2019) (alteration in original) (quotation marks and italics omitted).

"[A] dismissal *with prejudice*, whether on motion or sua sponte, is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful con-

tempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1337–38 (quotation marks and italics omitted). "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025), *petition for cert. filed*, No. 25-808 (U.S. Jan. 9, 2026).

We conclude from the record that the district court did not abuse its discretion in dismissing Daker's complaint based on the Northern District's filing injunction. The injunction directed Daker to include, with every lawsuit he files in that court or any other federal court, a copy of the Northern District's order and a list of all lawsuits Daker has filed in any federal court. The record shows that Daker violated the plain terms of the injunction. Also, the court's dismissal was without prejudice, and, even accepting Daker's allegations that prison officials frustrated his ability to comply with the injunction, Daker still failed to make every reasonable effort to comply with the injunction's requirements. We also conclude that the district court did not abuse its discretion in rejecting Daker's amended complaint because his attempt to comply with the injunction only after the magistrate judge found that he had failed to disclose its existence did not excuse his earlier abuse of the judicial process. Thus, we affirm the district court's order dismissing Daker's amended complaint without prejudice.

**III.**

We review for abuse of discretion the district court's denial of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1238 (11th Cir. 2023). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation marks and alteration omitted).

The record demonstrates that the district court did not abuse its discretion in denying Daker's motion to vacate or reconsider the dismissal order under Rule 59(e). Daker's Rule 59(e) motion nor his brief on appeal identify any new evidence or manifest errors of law or fact that undermined the court's dispositive finding that dismissal was warranted based on his violation of the Northern District's injunction. Consequently, we affirm the district court's denial of Daker's Rule 59(e) motion.

## IV.

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Daker's pro se complaint under 42 U.S.C. §1983, and denying Daker's motion to vacate or reconsider the dismissal order under Federal Rule of Civil Procedure 59(e).

**AFFIRMED.**